Isaac M. **WILLIAMS,** Plaintiff,

v.

**GENERAL MOTORS CORP.,**
**et al., Defendants.**

**Civ. No. 92–16–ALB/AMER(DF).**

United States District Court,
M.D. Georgia,
Albany/Americus Division.

March 18, 1993.

H. Christopher Coates, Milledgeville, GA, for plaintiff.

William A. Clineburg, Jr., Leticia D. Alfonso, Atlanta, GA, for defendants.

## ORDER

FITZPATRICK, District Judge.

Defendants' motion for sanctions against Plaintiff and Plaintiff's counsel is now pending before the court. Defendant seeks expenses and attorney's fees for the delay in taking several scheduled depositions.

### BACKGROUND FACTS

There seems to be no dispute over the facts: Counsel were in Albany, Georgia, to take the depositions of the parties and other people with knowledge in this case. The Plaintiff's deposition was scheduled for Monday, September 23, 1992, and the rest were to follow on the 24th and 25th. At some time in the middle of the night of the 23rd (or early morning of the 24th) Plaintiff's counsel received an emergency phone call from Charlotte, North Carolina, informing him that his father was gravely ill and that he should come to Charlotte to be with his father as soon as possible. Quite naturally, Plaintiff's counsel immediately dressed and left for his father's bedside, after instructing his paralegal to explain the reasons for his hasty departure to Defendants' counsel first thing the next morning. This was done and Defendants' counsel returned to Atlanta the morning of the 24th.

The depositions were later scheduled and completed. It should be noted that all of these depositions, with the possible exception of the Plaintiff's, were scheduled by "gentlemen's agreement" and not by any formal notice under the Rules of Civil Procedure.

Defense counsel takes the position that had he known that the depositions for the 24th and 25th would not be taken, he would have returned to Atlanta the evening of the 23rd and would not have prepared for the depositions that were to be held on the 24th. The court does not, under the facts of this matter, consider this a serious issue. Life is uncertain and lawyers have to be as ready as other ordinary citizens to cope with emergencies without immediately seeking to blame someone.

Plaintiff's counsel stayed for a few days with his father in North Carolina and, after the immediate crisis had passed, returned to his home in middle Georgia. For the record, Plaintiff's counsel's father was diagnosed with terminal cancer in November and died on December 7, 1992.

### DEFENDANTS' MOTION FOR SANCTIONS

Defendants' counsel is asking the court to sanction Plaintiff's counsel for canceling a scheduled deposition so that he could be with his seriously ill father, after receiving a phone call in the dead of the night imploring him to come immediately. It appears that the only reason these sanctions are sought is because the Defendants, General Motors Corp. and Delco Remy, requested that their counsel do so.

The law has reached a sad state when one lawyer will take advantage of the personal crisis of his brother lawyer merely because his client tells him to do it. The fact that Defendants' counsel is a member of one of the most respected law firms, not only in the state, but in the whole country, makes his conduct even more shameful. For years we have heard the charges that the practice of law is fast becoming a business and that

those intangibles that set it apart as a learned profession are slowly ebbing away. This motion is evidence that those charges have some basis in fact. Traditionally, at least in smaller towns and cities of this state the reaction of a lawyer to his opponent's personal crisis would be one of concern, but here, the reaction was solely one of greed—who will pay me for my lost time? Sanctions are not appropriate for a situation where a lawyer is called to the bedside of his ill father and this court will not impose them.

The motion of Defendants for sanctions is **DENIED.**

### SANCTIONS AGAINST DEFENDANTS AND THEIR COUNSEL

Rule 11 of the Federal Rules of Civil Procedure states in part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper, that to the best of signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact ... and is not interposed for any improper purpose such as to harass or to cause unnecessary delay *or needless increase in the cost of litigation* (emphasis added).

The court finds that the ill advised motion for sanctions filed by Defendants did in fact cause "a needless increase in the cost of litigation" and hereby assesses $250.00 in attorney fees to be paid by Defendants to Plaintiff's counsel which will represent the time he has spent responding to the motion for sanctions.

As a final observation, this judge will quote Chief Justice of the United States Charles Evans Hughes who once said:

The highest reward that can come to a lawyer is the esteem of his professional brethren. That esteem is won in unique conditions and proceeds from an impartial judgment of professional rivals. It cannot be purchased. It cannot be artificially created. It cannot be gained by artifice or contrivance to attract public attention. It is not measured by pecuniary gains. It is an esteem which is born in sharp contests and thrives despite conflicting interests. It is an esteem commanded solely by integrity of character and by brains and skill in the honorable performance of professional duty.... In a world of imperfect humans, the faults of human clay are always manifest. The special temptations and tests of lawyers are obvious enough. But, considering trial and error, success and defeat, the bar slowly makes its estimate and the memory of the careers which it approves are at once its most precious heritage and an important safeguard of the interests of society so largely in the keeping of the profession of the law in its manifold services.

If all courtesy, goodwill and decency should finally be bled out of the practice of law it will be a sad and bitter calling that remains; I cannot imagine a more unpleasant way to earn a living than to be a lawyer in a profession devoid of any semblance of kindness, courtesy or humanity.

IT IS HEREBY ORDERED AND ADJUDGED that the Defendants pay to Plaintiff's lawyer the sum of $250.00 representing his reasonable attorneys fees in defending the motion to dismiss. Said sum shall be paid within 20 days of the date of this order.

SO ORDERED.